UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: BRIGHT GREEN CORPORATION,      No. 25-10195-j11
a Delaware corporation,

Debtor.

**MEMORANDUM OPINION REGARDING**
**MOTION FOR RELIEF FROM STAY**

This matter is before the Court on the Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 to Continue Lawsuit Currently Pending in the Thirteenth Judicial State District Court of New Mexico (the "Motion for Relief from Stay" – Bk Doc. 31)[1] filed by Claimant John Fikany. Mr. Fikany seeks relief from the automatic stay to proceed to a jury trial on his claims against Debtor and third-parties Lynn and John Stockwell in the State Court Action (defined below). Debtor had removed the State Court Action to this Court, initiating Adversary Proceeding No. 25-1010 (the "Adversary Proceeding"). (AP Doc. 1). On May 28, 2025, the Court held a final evidentiary hearing on the Motion for Relief from Stay in this Bankruptcy Case and on Mr. Fikany's motion for abstention and remand in the Adversary Proceeding.

On June 6, 2025, the Court entered an order in Adversary Proceeding No. 25-1010 granting a motion for abstention and remand in which the Court remanded the removed state court action entitled *Bright Green Corporation vs. John Fikany*, D-1333-CV-2020-00231, which is pending in the Thirteenth Judicial District Court of the State of New Mexico (the "State Court Action"). (AP Doc. 42). On June 9, 2025, the Court held a final hearing on the United States Trustee's ("UST's")

---

[1] References to "Bk Doc. __" are references to the docket number of documents filed in Debtor's chapter 11 case. References to "AP Doc. __" are references to the docket number of documents filed in this adversary proceeding (No. 25-1010).

Motion to Dismiss filed April 8, 2025, in the bankruptcy case (Doc. 49) (the "Motion to Dismiss") and took the Motion to Dismiss under advisement.

At the conclusion of the final hearing on the Motion to Dismiss, Debtor indicated that it may decide not to oppose dismissal. Dismissal of the bankruptcy case would moot the Motion for Relief from Stay. The UST and Mr. Fikany indicated that they would not oppose dismissal if Debtor chose not to oppose dismissal. The Court entered an order stating that, unless Debtor filed a notice that it does not oppose dismissal by noon on June 11, 2025, it would enter an order granting the Motion for Relief from Stay. (Doc. 126). Debtor timely filed a notice that it does not oppose dismissal of the Bankruptcy Case. (Doc. 127). But that notice went on to say that Debtor disputes the grounds for dismissal set forth in the Motion to Dismiss that were preserved for the final hearing and that, after dismissal, it intends to file another chapter 11 case in Delaware. *Id*. That prompted Mr. Fikany to file a response to Debtor's notice of non-opposition to dismissal asking the Court to require Debtor to file a motion to dismiss on notice to creditors and other parties in interest because they should have an opportunity to object before the Court decides whether to dismiss the Bankruptcy Case. (Doc. 128).

As a result of these developments after the conclusion of the final hearing on the Motion to Dismiss, the Court will rule on the Motion for Relief from Stay now so Mr. Fikany can proceed with the State Court Action pending the Court's ruling on whether to dismiss this Bankruptcy Case. The Court also will rule, pursuant to Fed. R. Bankr. P. 4001(a)(4), that the order granting relief from the stay will not be stayed for 14 days after it is entered.

For the reasons stated in the Memorandum Opinion Regarding Motion to Abstain and Remand Adversary Proceeding to State Court (the "Remand Opinion"), entered June 6, 2025 (AP Doc. 41), the Court determined, after considering the mandatory abstention requirements and

- 2 -

Case 25-10195-j11    Doc 131    Filed 06/12/25    Entered 06/12/25 11:59:21 Page 2 of 10

permissive abstention and remand factors, that the Court will abstain from exercising its jurisdiction over all claims at issue in the Adversary Proceeding and will remand the removed State Court Action in its entirety to the State Court for further proceedings. (AP Doc. 41). The Court entered an order abstaining and remanding the removed action in its entirety to the State Court on June 6, 2025. (AP Doc. 42). For the same reasons the Court decided to abstain and remand, the Court will grant relief from the stay with respect to the remanded State Court Action. The Court will not modify the stay as to enforcement of a judgment against Debtor or property of the estate.

## FINDINGS OF FACT

The Court finds the same facts in connection with the Motion for Relief from Stay that are set forth in the findings of fact in the Remand Opinion. Those findings of fact are incorporated herein by this reference.

The relevant facts primarily relate to *Bright Green Corporation vs. John Fikany*, D-1333-CV-2020-00231, which is pending in the Thirteenth Judicial District Court of the State of New Mexico (the "State Court Action") and the procedural history of this chapter 11 Bankruptcy Case and the Adversary Proceeding.

As discussed in more detail in the Remand Opinion, Debtor commenced the State Court Action by filing a complaint against Mr. Fikany seeking a declaratory judgment that (i) there never was an agreement entitling Mr. Fikany to become a shareholder in Debtor, (ii) Mr. Fikany never became a shareholder of Debtor, (iii) Mr. Fikany "did not fulfill and satisfy the agreed upon and express conditions precedent to earn the compensation [contemplated by the Agreement] by failing to complete the Acoma Pueblo Project and obtaining all necessary licenses and approvals needed

to operate the hemp and cannabis growing operation" and (iv) Mr. Fikany is not entitled to any stock in Debtor. *Id*.

Mr. Fikany filed a jury demand, an answer to Debtor's Amended Complaint, counterclaims against Debtor, and third-party claims against Lynn Stockwell and John Stockwell in March 2021. *Id*. In his claims against Debtor and the Stockwells, Mr. Fikany asserts he is entitled to compensatory, punitive, and/or statutory damages under the following theories: (1) wrongful termination in violation of public policy, (2) unpaid wages under N.M.S.A. 1978, § 50-4-4(A), (3) breach of employment contract, (4) promissory estoppel, (5) fraud in the inducement, (6) breach of the duty of good faith and fair dealing, (7) negligent misrepresentation, (8) constructive trust, (9) breach of personal guarantee, and (10) breach of contract. (Exhibit B; State Court Pretrial Order, AP Doc. 21-10).

The State Court set a five-day trial consisting of 1) a bench trial on Debtor's Amended Complaint seeking a declaratory judgment against Mr. Fikany and any other claims for equitable relief, and 2) a separate jury trial on Mr. Fikany's claims (all for legal relief). (State Court Pretrial Order, AP Doc. 21-10). Following the bench trial, the State Court issued detailed findings of fact and conclusions of law in which the State Court determined that 5,000,000 shares of stock in Debtor were transferred to Mr. Fikany as a result of which he became the owner of the shares, Mr. Fikany's entitlement to the shares was not contingent on completion of the Acoma Project, and even if there had been such a contingency it was satisfied. The State Court also ruled, with respect to Mr. Fikany's damages claim for the lost value of his 5,000,000 shares of stock which the State Court found to have been wrongfully canceled:

> [Mr.] Fikany can present to the jury the range of the value of the stock during the week [Debtor] went public which was approximately between $10 and $59[2] a share and it's a jury question to decide what Fikany would have done with the shares. Defendant[s] Bright Green and Lynn and John Stockwell may cross examine and argue that the shares if not sold then would be worth less.

(Exhibit D). Because the bench trial on Debtor's declaratory judgment complaint took up the days set aside for both the bench and jury trials, the State Court was not able to convene the jury trial on Mr. Fikany's claims for legal relief during the time it had set aside for the trial. Although the jury trial on Mr. Fikany's counterclaims and damages claim was continued several times, it did not occur before Debtor filed its petition and the automatic stay was imposed.

## DISCUSSION

Mr. Fikany seeks stay relief to pursue his claims in the now-remanded State Court Action against Debtor.[3] Whether relief from the automatic stay is warranted to proceed with an action in another court is governed by 11 U.S.C. § 362(d)(1),[4] which allows the Court to grant a party relief from the automatic stay for "cause." Whether "cause" for relief from the automatic stay under § 362 exists is a "discretionary determination made on a case-by-case basis." *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)); *In re Blair*, 534 B.R. 787, 792 (Bankr. D.N.M. 2015) (same). "[A] relief from stay proceeding is by its nature a cursory or summary proceeding[.]" *G&B Aircraft Mgmt. v. Smoot (In re Utah Aircraft Alliance)*, 342 B.R. 327, 332 (10th Cir. BAP 2006). The motion for relief from stay does not seek stay relief with respect to property of the

---

[2] The Remand Opinion contained a typographical error by quoting the State Court order as stating "between $10 and $*50* a share" instead of "between $10 and $*59* a share." (Exhibit D). This corrected amount is not material to the Court's decision to abstain and remand.

[3] The Court entered a stipulated order that the automatic stay does not "stay any actions against any non-debtor parties that do not affect property of the bankruptcy estate, including but not limited to John Stockwell and Lynn Stockwell, individually." (Bk Doc. 115).

[4] Unless otherwise specified, references to "section" and "§" are to sections of the Bankruptcy Code, which is title 11 of the United States Code.

estate. Therefore, under § 362(g), the burden of proof on all issues in this contested matter rests with the Debtor as the party opposing relief from the stay. § 362(g).[5]

Generally, when a party requests relief from the automatic stay to continue litigation in a non-bankruptcy forum, factors relevant to the Court's determination of "cause" include, but are not limited to, the "*Curtis* factors." *In re Curtis,* 40 B.R. 795, 799-800 (Bankr. D. Utah 1984).[6] The factors are:

(1) Whether stay relief will result in a partial or complete resolution of the issues,

(2) The lack of any connection with or interference with the bankruptcy case,

(3) Whether the foreign proceeding involves the debtor as a fiduciary,

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases,

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation,

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question,

(7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee, and other interested parties,

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under § 510(c),

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under § 522(f),

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties,

---

[5] Section (g) provides: "In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and (2) the party opposing such relief has the burden of proof on all other issues."

[6] *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990) (adopting the *Curtis* factors but stating them slightly differently); *In re McConathy*, No. 90-13449, 2021 WL 2405734, at *7 (Bankr. W.D. La. June 14, 2021) (applying the *Sonnax* factors); *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014) (applying the *Curtis*/*Sonnax* factors)*; In re SCO Group, Inc*., 395 B.R. 852, 857 (Bankr. D. Del. 2007) (applying the *Sonnax* factors); *see also Busch v. Busch (In re Busch),* 294 B.R. 137, 141 (10th Cir. BAP 2003) (noting that "[t]he *Curtis* factors have been widely adopted by bankruptcy courts").

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

(12) The impact of the stay on the parties and the "balance of hurt."

*Id.*; *see also In re Crespin*, 581 B.R. 904, 908–909 (Bankr. D.N.M. 2018) (discussing the *Curtis* and other factors). Courts may also consider the likelihood that the creditor moving for stay relief will prevail on the merits in the other court. *In re Gindi*, 642 F.3d 865, 872 (10th Cir. 2011), *overruled on other grounds by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011) (stating that this factor "can be dispositive"); *In re Crespin*, 581 B.R. at 909.

The same reasons the Court decided to abstain in the Adversary Proceeding and remand the removed action to State Court establish "cause" to modify the automatic stay to permit the State Court Action to proceed to final judgment, with the stay remaining in place with respect to enforcement of any judgment against the Debtor or property of the estate in this Bankruptcy Case.

Mr. Fikany filed a proof of claim in the amount of $488,241.260.00. (Bk Claim 10). The proof of claim is based on the same claims he has asserted against Debtor in the State Court Action. For the reasons explained more fully in the Remand Opinion, Mr. Fikany's claim against Debtor should be determined by the State Court in the remanded State Court Action rather than in bankruptcy court. The reasons include:

(a) <u>State law issues predominating over bankruptcy issues</u> – the State Court Action is based wholly on state law;

(b) <u>The involvement of third parties and complete resolution of claims</u> – this Court does not have the authority to issue a final judgment on Mr. Fikany's claims against the Stockwells; the State Court has jurisdiction to issue a final judgment on all claims;

(c) <u>Judicial economy; the expeditious and economical determination of litigation for the parties, avoiding inconsistent results; readiness of trial in State Court</u> – severing Mr. Fikany's claims against Debtor from his claims against the Stockwells would create the prospect of inconsistent results and result in duplicative, expensive litigation because (i) Mr. Fikany's claims against Debtor and the Stockwells are substantially similar and the alleged factual bases of the claims are inextricably intertwined, and (ii) the State Court has presided over the action for over 4 years, presided over extensive discovery,

made detailed findings of fact and conclusions of law after a 5-day bench trial, and was about to hold a jury trial on Mr. Fikany's claims for damages when this Bankruptcy Case was filed;

(d) <u>Comity for the State Court</u> – the State Court has already issued detailed findings of fact and conclusions of law in an interlocutory decision following a 5-day bench trial; the findings and conclusions affect Mr. Fikany's damages claims; and, under principles of comity, this Court should not hold a new bench trial to revisit the State Court's findings and conclusions;

(e) <u>Effect on the bankruptcy case</u> – a State Court final judgment on Mr. Fikany's claims against Debtor will liquidate his claim in the Bankruptcy Case, which is necessary prior to confirmation of a chapter 11 plan and the continuance of the State Court Action will not interfere with this Bankruptcy Case nor unduly delay estate administration. *See In re Crespin*, 581 B.R. at 909 (considering whether "granting stay relief [would] hinder or delay administration of the estate[]").

**<u>Other factors</u>**.

(f) <u>Likelihood of success on the merits</u>. Based on the State Court's findings of fact and conclusions of law, it is likely that Mr. Fikany will be awarded some damages by the jury based on the lost value of what the State Court found to be wrongfully canceled stock. *See In re Crespin*, 581 B.R. at 910 (finding that it was likely the debtors would "obtain some amount of additional damages"). This Court makes no assessment of the likelihood that a jury verdict would be affirmed on appeal. Debtor did not address the likelihood of success on the merits in its Response opposing Mr. Fikany's Motion for Relief from Stay.

(g) <u>Debtor as a fiduciary</u>. Debtor argues that the Court should not grant stay relief because the State Court Action does not involve Debtor in a fiduciary capacity. *See* (Bk Doc. 47, at 5). *Cf. In re Bailey*, 11 B.R. 199, 201 (Bankr. E.D. Va. 1981) ("[P]roceedings in which the debtor is a fiduciary need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors."). The Court finds this factor inapplicable to this case. That proceedings involving a debtor in a fiduciary capacity need not be stayed is not support for the opposite rule, i.e., that the stay must remain in effect when the debtor is not acting in such capacity. *See In Matter of Liquidation of Freestone Ins. Co.*, 143 A.3d 1234, 1257 n.19 (Del. Ch. 2016) (discussing this factor).

(h) <u>Prejudice to the interests of other creditors and other interested parties</u>. Modification of the stay to permit litigation in the State Court will not prejudice the interests of any other creditors or interested parties because Mr. Fikany's claims, if not liquidated in the State Court, would have to be liquidated in this Court. As stated in the Remand Opinion, the Court has determined that the State Court Action will likely be heard more quickly in the State Court than in this Court and, therefore, judicial economy and the parties' interest in economical and efficient litigation will be served by continuing in the State Court. Efficient resolution of the State Court

Action is, in turn, likely to hasten resolution of this Bankruptcy Case, which serves, rather than prejudices, the interests of other creditors and interested parties. Further, under principles of comity and judicial economy, this Court will not hold a new bench trial to reconsider the decision of the State Court.

(i) <u>Equitable subordination of a judgment under § 510(c).</u> There is no basis upon which the Court can presently determine whether Mr. Fikany's claims are subject to equitable subordination under § 510(c). If applicable, that decision can await the outcome of the State Court Case.

(j) <u>Insurance, lien avoidable by the debtor under § 522(f).</u> There is no insurance carrier involved in this case. *See* (Bk Doc. 47, at 6). Moreover, there is no basis upon which the Court can presently determine whether Mr. Fikany's success in the State Court Action would result in a judicial lien avoidable by Debtor under § 522(f).

(k) <u>The "balance of hurt."</u> Debtor contends that this factor weighs against modification of the automatic stay, but the Court is not convinced that any prejudice posed Debtor by modifying the stay outweighs the prejudice to Mr. Fikany if the stay is not modified. (Bk Doc. 47 at 6); *See In re Curtis*, 40 B.R. at 806 ("Financial hardship to the movants must, of course, be balanced against financial hardship to the debtors."). Because the Court has remanded the Adversary Proceeding to the State Court, Mr. Fikany will be prejudiced by continuing the automatic stay to bar those proceedings. Further, modification of the stay is necessary to liquidate Mr. Fikany's claim against the estate in State Court.

Having considered and weighed the relevant factors, the Court has determined that cause exists to modify the automatic stay only to permit prosecution of the State Court Action to final judgment on all claims. The automatic stay will remain in place pending further order of the Court or termination of the stay by operation of law, with respect to enforcement of a judgment against Debtor or property of the estate.

## CONCLUSION

For the reasons explained above, the Court will grant Mr. Fikany's Motion for Relief from Stay and modify the automatic stay to permit the State Court Action to proceed. The Court will enter a separate order granting the Motion for Relief from Stay.

/s/ Robert H. Jacobvitz<br>
ROBERT H. JACOBVITZ<br>
United States Bankruptcy Judge

Date entered on docket: June 12, 2025

COPY TO:

Nephi D. Hardman
Attorney for Bright Green Corporation
Nephi D. Hardman Attorney at Law, LLC
9400 Holly Ave NE Bldg 4
Albuquerque, NM 87122

David M. Eisenberg
Attorney for John Fikany
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076

Christopher M Gatton
Attorney for John Fikany
Gatton & Associates, P.C.
10400 Academy NE, Suite 350
Albuquerque, NM 87111

Craig E. Zucker
Attorney for John Fikany
Maddin, Hauser, Roth & Heller, P.C.
One Towne Square, Fifth Floor
Southfield, MI 48076